Argued September 25, 1978, reversed and remanded for trial January 29, petition for review allowed May 1, 1979

## STATE OF OREGON, *Appellant,*
### *v.*
## DAVID CARL SMITH, *Respondent.*
### (No. DU 7362, CA 11208)
589 P2d 1158

Catherine Allan, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Bernard Brink, Hillsboro, argued the cause for respondent. With him on the brief was Brink, Moore, Brink & Peterson, Hillsboro.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The state appeals an order granting defendant's pretrial motion to dismiss a citation for driving while under the influence of intoxicants in violation of ORS 487.540. The issue on appeal is whether the state's inadvertent destruction of a videotape of defendant performing certain sobriety tests warranted a dismissal of the charge.

Defendant was stopped after a police officer observed his car veer off to the right several times within a short distance. Defendant was asked to perform certain field sobriety tests,[1] on which the officer rated defendant's response as poor. He noticed a slight smell of alcohol on defendant's breath. Defendant was arrested and taken to the county jail where he was given a breathalyzer test. The machine recorded a reading of .16 percent alcohol by weight in defendant's blood. Defendant was then given another sobriety exercise which was videotaped. Defendant contends that he was not under the influence of intoxicants.

Prior to trial defendant made a formal discovery request for the videotape. The state could not comply, however, because the tape had been inadvertently erased or destroyed. Defendant then moved for dismissal of the charge for violation of his right to due process. The motion was granted and the state appeals under ORS 138.060.

The statute, ORS 487.540, contains alternative definitions of the offense of driving under the influence of intoxicants. A person may be found guilty if he was driving while he had .10 percent or more by weight of alcohol in his blood (ORS 487.540(1)(a)), or if he was under the influence of intoxicating liquor, dangerous or narcotic drugs (ORS 487.540(1)(b)). The state concedes the videotape would be material to

---

[1] The field sobriety tests included walking heel-to-toe, reciting the alphabet, touching the index finger to the nose and counting forwards and backwards on one hand.

defendant in a prosecution under subsection (1)(b);[2] but argues that it would not be admissible or relevant in a trial under subsection (1)(a).

Defendant, on the other hand, argues the videotape is relevant and material for two reasons, and therefore dismissal was proper pursuant to *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963). First, he contends it would show he was alert and performed the physical sobriety tests adequately. He argues the videotape would have contradicted the officer's testimony that the defendant did poorly on the tests and would raise an inference that his testimony concerning the operation of the breathalyzer was not believable. Secondly, he contends the videotape would be admissible to rebut the accuracy of the breathalyzer test result.

Defendant's first contention is not supportable. It assumes and speculates that the trier of fact would make the inferences from viewing the videotape. In a prosecution under ORS 487.540(1)(a) evidence of a defendant's physical characteristics or his performance of physical sobriety tests is immaterial on the issue of whether he is under the influence of intoxicants. Attempting to impeach the arresting officer's perception of defendant's physical symptoms of intoxication would be impeachment on a collateral issue.

Regarding defendant's second contention, the evidence, to be material to the defense, must be admissible. In *Brady v. Maryland, supra,* the Supreme Court accepted the determination by the State Supreme Court that the undisclosed evidence was not admissible in the trial on the issue of defendant's guilt. It was only admissible respecting punishment, i.e., whether defendant could be sentenced to death on recommendation of the jury. Consequently, defendant

---

[2]The state also concedes the defendant could not be prosecuted under subsection (1)(b). In light of this concession we need not determine if defendant has proven the videotape would be material to his defense in a prosecution under subsection (1)(b).

was not denied due process of law regarding the issue of guilt and was entitled to a new trial only on the issue of punishment.

The threshold inquiry is whether the videotape would be admissible in a prosecution under ORS 487.540(1)(a). In *State v. Clark,* 35 Or App 851, 583 P2d 1142 (1978), we held that when a defendant is charged with driving under the influence of intoxicants under ORS 487.540(1)(a) rather than (1)(b) or (c), evidence tending to show he exhibited no physical signs of intoxication was admissible to controvert the breathalyzer reading. However, that evidence, standing alone, is not admissible. In *State v. Clark, supra,* we said:

> "We think such testimony, where it is specifically offered for the purpose of challenging, by inference, the accuracy of a test which showed a blood alcohol level of .10 percent or above, is relevant only if proper evidence of the relationship between physical size, blood alcohol content and reasonably expected behavior has been introduced so that the jury has some guidelines to follow in assessing the evidence. Such evidence will usually be in the form of expert testimony. Without such an evidentiary predicate, a jury of laymen would have insufficient data to assign any real probative value to observations of the physical behavior of the defendant." (Footnote omitted.) 35 Or App at 856-57.

Defendant has the burden of proof to establish with some particularity that the evidence sought will be favorable. *State ex rel Dooley v. Connall,* 257 Or 94, 475 P2d 582 (1970). That burden requires some showing that it would be reasonably anticipated the evidence sought would be exculpatory and material to his defense. It is not sufficient that the showing disclose merely a hoped for conclusion from examination of the destroyed evidence. *State v. Koennecke,* 29 Or App 637, 565 P2d 376, *rev den* (1977). The defendant, when seeking evidence that requires some expert analysis, must demonstrate beyond mere speculation that a meaningful analysis of the evidence could be made to

produce a conclusion and that the conclusion would be favorable to the defense. *State v. Koennecke, supra.*

In the context of this case the defendant would have to demonstrate that a meaningful analysis of his physical symptoms displayed on the videotape could be made to produce a conclusion respecting his blood alcohol level. Defendant has failed to show such an analysis could be made in order to correlate his physical symptoms with a precise blood alcohol reading. Defendant merely argues that if the videotape were available an expert could show that the breathalyzer reading was inaccurate. This is not sufficient to meet the constitutional test set out in *Brady v. Maryland, supra.* Since the defendant has failed to establish that a proper foundation could be laid for admission of the videotape in a prosecution under ORS 487.540(1)(a), the motion for dismissal should have been denied.

Reversed and remanded for trial.