Submitted on remand from the Oregon Supreme Court May 8, affirmed October 8, 1979.

STATE OF OREGON,
*Respondent,*
*v.*
DAVID CARL SMITH,
*Appellant.*
(No. DU 7362, CA 11208)
600 P2d 949

Catherine Allan, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Bernard Brink, Hillsboro, argued the cause for respondent. With him on the brief was Brink, Moore, Brink & Peterson, Hillsboro.

RICHARDSON, J.

**RICHARDSON, J.**

The Supreme Court, on review of our previous decision in this case, *State v. Smith,* 38 Or App 173, 589 P2d 1158 (1979), remanded it "for reconsideration in light of *State v. Clark,* 286 Or 33, 593 P2d 123 (1979)." The facts are set out in our previous opinion and will not be repeated.

In the prior opinion, we concluded that defendant's motion to dismiss the complaint charging Driving Under the Influence of Intoxicants was improperly dismissed and that the state should be allowed to try defendant under ORS 487.540(1)(a). The motion for dismissal was based upon the inadvertent destruction of a television tape depicting defendant's performance of certain physical dexterity tests. We concluded that defendant had failed to show that the television tape would be admissible to rebut the breathalyzer test result. Our decision was based on *State v. Clark,* 35 Or App 851, 583 P2d 1142 (1978), wherein we held that evidence of an accused's physical characteristics and movements was admissible to rebut a blood alcohol reading only if a foundation was first laid relating the physical condition of the accused to the blood alcohol reading. The Supreme Court reversed the decision in *State v. Clark, supra,* and held the evidence was admissible without such a foundation.

In the case here under review, the trial court, after a hearing on defendant's motion to dismiss, concluded that defendant had established that the television tape would be evidence material and favorable to his defense. The dismissal was based on *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963). In its brief, the state specifically said it was not appealing the court's ruling that defendant had shown the missing evidence would be material and favorable to his defense. The state's appeal was based on the contention that the evidence would not be admissible in a prosecution based on ORS 487.540(1)(a).

[545]

Pursuant to the Supreme Court's holding in *State v. Clark,* 286 Or 33, 593 P2d 123 (1979), the evidence would be admissible to rebut the breathalyzer test, which is the basis for prosecution under ORS 487.540(1)(a). If the evidence is material and favorable to the defendant in establishing he was not under the influence, it would also be material and favorable to show his physical condition relative to the blood alcohol reading obtained by the breathalyzer test. Because the evidence would be favorable to the defendant in rebutting the breathalyzer results, under *Brady v. Maryland, supra,* the dismissal was proper.

Affirmed.

**GILLETTE, J.,** concurring.

I concur with the majority that our former opinion must be reversed and the trial court's decision affirmed. I wish to emphasize my understanding, however, that we do so on the basis of the state's concession as to the materiality of the destroyed evidence. I take it that it still remains an open question, absent such a concession, as to whether the destruction of some other tape in some other case would require dismissal. *See, e.g., State v. Hockings,* 29 Or App 139, 562 P2d 587, *rev den* (1977), *cert den* 434 US 1049 (1978).

**JOSEPH, J.,** joins in this concurring opinion.